## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **AARON HYCHE,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Civil Case No.   07-380-WDS-PMF** |
| | ) | |
| **NEDRA CHANDLER, warden,** | ) | |
| | ) | |
| **Respondent.** | ) | |

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is respondent's motion to dismiss Aaron Hyche's §2254 petition for a writ of habeas corpus (Doc. No. 18).  Hyche was convicted of multiple offenses in Effingham County, Illinois, in 1976.  He is currently serving various indeterminate terms for murder (250-300 years) and attempt murder (25-75 years).  He challenges his continued confinement, claiming that decisions by the Illinois Prisoner Review Board (PRB) violate the Fourteenth Amendment of the U.S. Constitution.  Specifically, Hyche claims that the PRB failed to properly determine his release eligibility date, failed to weigh relevant factors, applied an arbitrary and oppressive standard, failed to conduct adequate hearings, failed to provide reasonable access to hearing minutes, treated him differently from similar inmates without a rational basis, and applied revised procedures and standards in violation of the prohibition against ex post facto legislation.

Respondent seeks dismissal without prejudice, claiming that Hyche failed to exhaust his available state court remedy of mandamus.  Hyche responds that his habeas claims are ripe for consideration because his efforts to obtain other forms of relief in state court satisfy the exhaustion requirement.  He further maintains that any default should be excused (Doc. No. 21).

Hyche's petition may be considered so long as he has exhausted available state remedies. 28 U.S.C. § 2254(b)(1)(A). In Illinois, mandamus supplies a remedy to address constitutional defects in parole proceedings. *Lee v. Findley*, 835 N.E.2d 985, 989 (Ill. App. 2005)(allegations against Prisoner Review Board stated a cause of action for mandamus relief). Hence, in this context, exhaustion means filing a mandamus action and, if the action is initially unsuccessful, pursuing a complete round of the normal appellate process, including a request for discretionary review from the Illinois Supreme Court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48 (1999). In Illinois, a mandamus action is initiated by filing a complaint for mandamus. 735 ILCS § 5/14-102.

In September, 2005, Hyche filed a declaratory judgment action in the Circuit Court for Sangamon County, Illinois, seeking a ruling declaring the actions of the PRB to be unconstitutional (Doc. No. 18-2). Shortly after the complaint was filed, Hyche made an effort to amend or supplement his allegations. In furtherance of the declaratory judgment action, Hyche moved for a temporary restraining order and sought preliminary injunctive relief.

On March 14, 2006, following a telephone hearing, a defense motion to dismiss was granted. Hyche received his copy of the order on March 23, 2006. On April 24, 2006, and again on May 4, 2006, Hyche filed notices of appeal. The appeal was dismissed on December 18, 2006. Shortly before the appeal was dismissed, Hyche attempted to file a petition in the Illinois Supreme Court seeking a writ of habeas corpus. Leave to file the petition was denied on January 17, 2007. On January 26, 2007, Hyche sought reconsideration of that decision.

The materials on file demonstrate that Hyche did not pursue a remedy in mandamus. He maintains that valid reasons explain and justify his failure to appeal the outcome of his state court action for declaratory judgment. In particular, he suggests that the state court failed to apply procedural rules in an ordinary manner and that excessive delay by the Illinois Supreme Court

excuses his default at that level of review. Assuming that Hyche's failure to seek timely review of the order dismissing his complaint for declaratory judgment is justified, that does not explain why he failed to seek mandamus and pursue that remedy through a complete round of appellate review.

Mandamus remains an available remedy to address the arguments Hyche advances as grounds for federal habeas corpus relief. Under these circumstances, Hyche's claims for habeas relief are premature.

IT IS RECOMMENDED that respondent's motion to dismiss (Doc. No. 18) be GRANTED. This action should be dismissed without prejudice to Aaron Hyche's right to seek a writ of habeas corpus in federal court after the available mandamus remedy has been exhausted in state court.

**SUBMITTED:**  **February 29, 2008** .

*S/Philip M. Frazier*
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**